Minda A. Thorward (WSBA No. 47594)
THORWARD IMMIGRATION LAW, PLLC
5600 C Rainier Ave S, Ste. 208
Seattle, WA 98118
Tel: (206) 607-7976
Em: thorwardlaw@gmail.com

# UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Rukayat Adetoun Elegbede and Oluwasola Afolabi Elegbede, a married couple | ) ) ) Civil File No.: 2:21-cv-00801 |
| Plaintiffs, | ) ) COMPLAINT ) ) A. No. 204-832-073 |
| v. | ) ) USCIS |
| Tracy Renaud, Director, USCIS; Kay Leopold, Director, USCIS Milwaukee Field Office; Cynthia Munita, Director, USCIS Seattle Field Office; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Jean King, Director, EOIR; Merrick B. Garland, U.S. Attorney General | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## I.  Introduction.

1.     This is a civil action brought by Plaintiffs Rukayat Adetoun Elegbede and Oulwasola Afolabi Elegbede ("Mrs. and Mr. Elegbede"), a married couple, to

**COMPLAINT FOR WRIT OF MANDAMUS** – 1
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA 98118
Ph. (206) 607-7976

compel Defendants, officers of the United States, to adjudicate Plaintiff Mrs. Elegbede's Appeal of the USCIS Denial of the I-130 Marriage-Based Relative Petition (Receipt No. MSC 1990094212) that she filed for the benefit of her spouse, Plaintiff Mr. Elegbede (A#204-832-073). The Appeal has been fully briefed for more than a year with virtually no agency action. Adjudication of the appeal is a nondiscretionary ministerial duty owed to Plaintiffs.

2.     Defendant's denial of the I-130 is premised on a new fraud finding under INA § 204(c) for a previously denied I-751 petition to remove conditions from Mr. Elegbede's permanent resident status that has never been subject to administrative or judicial review in violation of the applicable regulations codifying the INA and the Administrative Procedures Act. Furthermore, Defendants failed to meet the "substantial and probative evidence" burden of proof necessary to bar the approval of the I-130 based on marriage fraud under INA § 204(c). There is no factual issue with respect to the validity of Plaintiffs current marriage to each other. Plaintiffs have no other adequate remedy to obtain that right other than by way of this complaint. For these reasons, Plaintiffs seek an order from this Court directing USCIS to adjudicate their Appeal with 15 days, or in the alternative, set aside Defendants' denial of the I-130 and remand with instructions to approve Plaintiff's I-130.

**COMPLAINT FOR WRIT OF MANDAMUS** – 2
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

## II. __Parties.__

3.      Plaintiffs Mrs. and Mr. Elegbede are a married couple who physically reside together in King County, Washington, with their 18-month-old daughter. Mrs. Elegbede is a naturalized United States Citizen. She was previously a citizen of Nigeria, where she was born.

4.      Mr. Elegbede is a citizen of Nigeria, who entered the U.S. lawfully on a F1 student visa. Mrs. Elegbede filed an I-130 Marriage-Based Petition for Mr. Elegbede on October 18, 2018, who is seeking to adjust his status to that of lawful permanent resident pursuant to an I-485 one-step adjustment application filed simultaneously with the I-130 Marriage-Based Petition.

5.      Defendant Tracy Renaud is sued in her official capacity as the Director of United States Citizenship and Immigration Services ("USCIS"). In this capacity, she has the responsibility for supervising USCIS, and routinely does so and transacts business in the Western District of Washington and with individuals and corporations residing therein.

6.      Defendant Kay Leopold is sued in her official capacity as the Director of the Milwaukee Field Office of United States Citizenship and Immigration Services ("USCIS"). In this capacity, she has the responsibility for supervising the USCIS sub-office for Milwaukee, Wisconsin, and routinely does so and transacts

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA 98118
Ph. (206) 607-7976

business in the Western District of Washington and with individuals and corporations residing therein.

7.     Defendant Cynthia Munita is sued in her official capacity as the Director of the Seattle Field Office of United States Citizenship and Immigration Services ("USCIS"). In this capacity, she has the responsibility for supervising the USCIS sub-office for Seattle, Washington, and routinely does so and transacts business in the Western District of Washington and with individuals and corporations residing therein.

8.     Defendant Alejandro Mayorkas is sued in his official capacity as the Secretary for the U.S. Department of Homeland Security ("DHS"). In this capacity, he has the responsibility for supervising DHS, and routinely does so and transacts business in the Western District of Washington and with individuals and corporations residing therein.

9.     Defendant Jean King is the Director of the Executive Office for Immigration Review ("EOIR"), an agency within the Department of Justice responsible for the immigration courts and the Board of Immigration Appeals. Defendant is named in her official capacity.

10.     Defendant Merrick Garland is the Attorney General of the United States and the most senior official in the Department of Justice. He has the authority to interpret the immigration laws and adjudicate removal cases. By regulation, the

**COMPLAINT FOR WRIT OF MANDAMUS** – 4
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

Attorney General delegates this responsibility to the immigration court and the BIA, which are administered by EOIR. Defendant is named in his official capacity.

### III.   Jurisdiction and Venue.

11.   The Mandamus and Venue Act of 1961 confers upon district courts original jurisdiction of "any action … to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. §§ 1331 and 1361. Mandamus is proper if the plaintiff can demonstrate that the government official or agency has not performed "a non-discretionary duty" owed to the plaintiff. *Briggs v. Sullivan*, 886 F.2d 1132, 1142 (9th Cir. 1989); *see also, e.g., Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545 (E.D. Pa. 2003). It is well-settled that delay is not discretionary, and that judicial review of a delay in adjudication is not precluded by INA § 242(a)(2)(B). *See Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540, 544 (S.D.N.Y. 2008) (collecting cases). This Court also has jurisdiction over this matter pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706.[1]

---

[1] **5 U.S.C. §706 states in pertinent part that: "***To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall-***
    **(1) compel agency action unlawfully withheld or unreasonably delayed: and**
    **(2) hold unlawful and set aside agency action, findings, and conclusions**
        **found to be-**
        **A)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;**
        **B)  contrary to constitutional, right, power, privilege, or immunity.**

**COMPLAINT FOR WRIT OF MANDAMUS** – 5
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

12.     Venue is proper in the Western District of Washington under 28 U.S.C. §§ 1391(b) and (e), as this is an action against the United States, its agencies, its officers, and its employees, and a substantial part of the events giving rise to the instant claim occurred in this district, and the Plaintiff resides in this judicial district.

## IV.     Factual Allegations[2]

13.     Plaintiff Mr. Elegbede is a citizen and national of Nigeria who entered the U.S. on August 20, 2011, with a F1 student visa as an international graduate student to pursue a Masters in Sociology at Western Illinois University. His parents paid his first semester of tuition for Fall Semester 2011. Thereafter, he was offered a Graduate Assistantship beginning in Spring Semester 2012 and no longer needed to pay tuition.

14.     While in school, Mr. Elegbede met and began dating his future first wife, Adeola Modinat Olayiwola ("Adeola"), a U.S. Citizen. Adeola was an undergraduate student pursuing a Bachelor of Science in Biochemistry.

15.     In May 2012, Mr. Elegbede's lease ended, and he moved into Adeola's apartment. The couple lived together from June 2012 until January 2013, at which time, Mr. Elegbede was required to move out-of-state to continue his education.

16.     In October 2012, Mr. Elegbede was accepted into the MBA program at the University of Missouri on a full scholarship. Because he and Adeola knew they

---

[2] The Statement of Facts herein has been taken from the appeal brief that was filed with USCIS on May 13, 2020, for the denied I-130 Marriage-Based Petition, and which is attached hereto as Exh. C.

**COMPLAINT FOR WRIT OF MANDAMUS** – 6
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

would be living separately while Adeola completed her undergraduate studies in Illinois and Mr. Elegbede pursued his master's degree in Missouri, they decided to get married.

17.     Mr. Elegbede and Adeola, his first wife, were married on December 6, 2012, at the courthouse in Macomb, Illinois. The couple spent the month of December 2012 living together as a married couple.

18.     About a month after they married, on January 1, 2013, Mr. Elegbede moved to Columbia, Missouri, to immediately begin his master's degree program at the University of Missouri. He and Adeola continued their relationship long-distance.

19.     In May 2013, Adeola graduated from Western Illinois University with a bachelor's degree in biochemistry, and Mr. Elegbede returned to attend her graduation. However, there were very few job opportunities for biochemists in Columbia, Missouri, where Mr. Elegbede was living and attending school, and he was unable at that time to financially support his wife because he was a full-time student, and thus unemployed.

20.     Consequently, Adeola moved to Houston, Texas, to live with family while she looked for a job in her field, searching both locally, and in Columbia, Missouri, where her husband was living.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

21.     On May 28, 2013, Adeola filed an I-130 marriage-based petition with USCIS for her then-husband, Mr. Elegbede, with a concurrently filed an I-485 Adjustment of Status application for Mr. Elegbede ("one-step adjustment application"), that fully disclosed that the couple was maintaining separate residences in different states out of financial necessity and because Mr. Elegbede was pursuing his master's degree.

22.     Mr. Elegbede and Adeola attended their scheduled adjustment interview together on August 6, 2013, in Kansas City, Missouri.[3] The one-step application was approved, and Mr. Elegbede was granted Conditional Permanent Residency status (CR-6) in about September 2013. He did not renew his F1 status because he now had CR-6 status.

23.     After completing his first three semesters at the University of Missouri, Mr. Elegbede was offered a paid internship position with American Family Insurance as an Analytic Specialist in Madison, Wisconsin, beginning May 1, 2014. Mr. Elegbede accepted the position and moved to Wisconsin. While living in different states, Mr. Elegbede and Adeola continued their relationship long-distance, visiting each other whenever they could.

24.     On August 15, 2015, Mr. Elegbede and Adeola, filed a Form I-751 joint petition to remove the conditions of his permanent resident status. Like the previous

---

[3] This date was incorrectly stated as August 6, 2012, in the USCIS NOID dated November 22, 2019.

**COMPLAINT FOR WRIT OF MANDAMUS** – 8
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

one-step application, the separate residences of the petitioner and beneficiary were fully disclosed. Over the next year and a half, both Mr. Elegbede and Adeola made several documented trips to visit each other.

25.    In January 2016, Mr. Elegbede and Adeola switched from texting to chatting via Google hangout and these chat logs from that date through March 2016 were provided to USCIS. During that time, they continued to discuss Adeola's job search efforts in Wisconsin, as well as their plans to obtain employment, buy a home, and live together again as a married couple in a location they both liked.

26.    In early March 2016, Adeola applied for a job with Covance in Madison, Wisconsin, despite repeatedly telling her husband in their Google hangout chats that she didn't like cold weather. She also applied for a job with Epic in Verona, Wisconsin.

27.    On March 16, 2016, USCIS issued a Request for Evidence (RFE) requesting additional documentation of Mr. Elegbede and Adeola's shared married life.

28.    On May 20, 2016, the couple timely submitted their response to the RFE, and a subsequent interview was scheduled. As fully disclosed on all forms previously submitted, the couple had maintained separate residences since January 1, 2013.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

29.     In the fall of 2016, after nearly four years of maintaining a long-distance marriage with Adeola, Mr. Elegbede started developing romantic feelings for his friend (and future second wife), Mrs. Elegbede. They had met through Mr. Elegbede's colleague, a mutual friend, earlier that year. However, Mr. Elegbede still continued working on his marriage, spending Christmas 2016 with Adeola.

30.     After the December 2016 visit, however, Mr. Elegbede realized that the distance over the years had begun to erode the relationship and the marriage was likely not repairable. In January 2017, Mr. Elegbede initiated an informal period of separation from Adeola.

31.     On June 21, 2017, Mr. Elegbede appeared without his wife Adeola, for his I-751 interview, and truthfully stated to the interviewing officer that the couple had separated. Despite their separation, Adeola had provided Mr. Elegbede with a letter of support, which he also presented.

32.     On June 22, 2017, Mr. Elegbede's I-751 petition to remove conditions was denied and his conditional residency status was terminated due to "insufficient evidence" of a bona fide marriage; however, no finding of fraud under INA § 204(c) was made at that time, and he remained in temporary "conditional resident" status pending immigration judge review of the denial. *See* 8 C.F.R. § 216.1; *see also Matter of Stowers,* 22 I&N Dec. 605, 612 (BIA 1999) (*citing* INS Memorandum, "Legal Opinion: Status of a conditional permanent resident after denial of I-751

**COMPLAINT FOR WRIT OF MANDAMUS** – 10
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

during pendency of review by EOIR" (Aug. 6, 1996)); INS Memorandum, "Status of Conditional Residents in Proceedings" (Oct. 9, 1997), AILA Doc. No. 97091690. <u>Exh. D and E, respectively.</u> As of the date of this petition, removal proceedings have not been initiated by DHS, and the USCIS denial of the I-751 and its finding of "insufficient evidence" has therefore never been subject to administrative or judicial review.

33.    Throughout 2017, Mr. Elegbede and his current wife, Mrs. Elegbede, co-Plaintiffs for the complaint herein, continued their romantic relationship.

34.    In July 2017, Mr. Elegbede filed for divorce from Adeola, and their divorce was finalized on March 2, 2018.

35.    On September 14, 2018, Plaintiffs Mrs. and Mr. Elegbede were married in Madison, Wisconsin.

36.    On October 18, 2018, Plaintiffs Mrs. and Mr. Elegbede file a one-step application for adjustment (inclusive of an I-130 marriage petition filed by Mrs. Elegbede for Mr. Elegbede, as well as an I-485 adjustment application filed by Mr. Elegbede).

37.    On May 6, 2019, Plaintiffs Mrs. and Mr. Elegbede appear for their marriage and adjustment interview at the USCIS Milwaukee Field Office. Mrs. Elegbede was pregnant at that time.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

38.    On November 22, 2019, USCIS issued a Notice of Intent to Deny ("NOID") based on a <u>new fraud finding</u> pursuant to INA § 204(c) with respect to Mr. Elegbede's previous (and now dissolved) marriage to Adeola. A few weeks later, Mrs. Elegbede gives birth to Plaintiffs' daughter.

39.    On December 19, 2019, an attorney for Plaintiffs Mrs. and Mr. Elegbede's files a timely response to the NOID on their behalf.

40.    On March 17, 2020, USCIS issues a denial for the I-130 Petition on the basis that approval is barred by the new fraud finding under INA § 204(c) in the November 22, 2019, NOID.

41.    On April 13, 2020, undersigned counsel filed a timely Notice of Representation (Form EOIR 27) and Notice of Appeal (Form EOIR 29) with USCIS at the Milwaukee Field Office. <u>Exh. B, collectively</u>. On May 13, 2020, a timely appeal brief (<u>Exh. C</u>) was also filed by undersigned counsel, arguing that Defendants committed legal error by failing to meet the "substantial and probative evidence" burden of proof necessary to bar the approval of the I-130 based on marriage fraud under INA § 204(c). *Matter of Singh*, 27 I&N Dec. 598, 602 (BIA 2019); *see also Matter of Tawfik*, 20 I&N Dec. 166 (BIA 1990); 8 CFR § 204.2(a)(1)(ii). The appeal also argued that the denial of Plaintiffs' I-130 based on a new INA § 204(c) finding of fraud violates the due process rights of Plaintiff Mr. Elegbede because the underlying denial of the I-751 and termination of his

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

conditional resident status has never been subject to administrative or judicial review as required under the INA and applicable regulations. *See* <u>Exh. C</u>; *see also* INA §237(a)(1)(D); 8 CFR §§216.4(d), 216.5(f) (Director "*shall…* issue a notice to appear placing the alien in removal proceedings"); *see also Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994).

42.    On November 17, 2020, undersigned counsel accompanied Mr. Elegbede to an "Infopass" appointment at the Seattle Field Office of USCIS so that he could obtain an I-551 ADIT stamp in his Nigerian passport as proof of his temporary conditional resident status and could continue working. His I-766 Employment Authorization Card expired the same day as the Infopass appointment, and he was in danger of losing his job.

43.    Undersigned counsel also submitted a Form G-28 Notice of Representation for the I-551 and the underlying I-751 petition at that time. <u>Exh. F</u>. The I-551 ADIT stamp is valid through November 16, 2021, less than six months from the date of filing of this complaint. <u>Exh. G</u>.

44.    At the November 17, 2020, appointment, the USCIS Officer advised undersigned counsel that she should request that the case be transferred from the Milwaukee Field Office to the Seattle Field Office, which is the USCIS office with jurisdiction over Mr. and Mrs. Elegbede's cases, as the couple now resides together in Kent, Washington. <u>Exh. A (Declaration of Attorney Minda A. Thorward)</u>.

**COMPLAINT FOR WRIT OF MANDAMUS** – 13
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

45.     On December 23, 2020, undersigned counsel mailed two duly executed Form G-28 Notices of Representation for Mrs. And Mr. Elegbede, as well as a written request to transfer their cases from the Milwaukee to the Seattle Field Office. Exh. H. Undersigned counsel also requested an update on the I-130 appeal that had been pending for more than eight months as of that date. *Id.*

46.     On February 8, 2021, undersigned counsel called the USCIS Customer Service Phone number at 1-800-375-5283 to follow-up on the pending appeal. Exh. A. At that time, the appeal had been fully briefed and pending for nearly nine (9) months. *See* Exh. C. The USCIS representative informed undersigned Counsel that her appearance had not been entered (although she had submitted more than one Form G-28 Notice of Representation, as well as a Form EOIR 27 Notice of Representation Before the BIA, to USCIS during the past year), and therefore no information could be released to her regarding her client's pending appeal and/or the underlying petition and/or any of her clients' related matters. *Id.*

47.     On March 17, 2021, undersigned counsel's staff submitted an "e-service request" to USCIS. On March 29, 2021, USCIS emailed a response indicating that "no records exist" at the Vermont Service Center. USCIS had sent the service request to the wrong service center. Exh. I, collectively.

48.     On April 27, 2021, undersigned counsel called USCIS and submitted a second e-Service request to USCIS by phone (Service Request #: 15680670; Ticket

**COMPLAINT FOR WRIT OF MANDAMUS** – 14
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

#: 17915014). She was again told during the call that there was no G-28 on file for her and no information could be released to her. See Exh. A; see also Exh. I.

49.     On May 3, 2021, USCIS called, and also emailed, undersigned counsel, informing her that the appeal remained at the Milwaukee Field Office. Exh. J (USCIS email).

50.     On May 5, 2021, undersigned counsel received a second response from USCIS indicating that the appeal of the I-130 was "being reviewed by an officer." Exh. K.

## V.     **Exhaustion of Remedies**

51.     Plaintiffs have exhausted their administrative remedies. The appeal of the USCIS denial of the I-130 petition has been fully briefed and pending for more than a year.

52.     On June 22, 2017, when USCIS denied Mr. Elegbede's I-751 joint petition for removal of conditions and terminated his conditional residency ("CR") status based on his first marriage, he retained "temporary" conditional residency status pending immigration judge review of USCIS's finding of "insufficiency" of evidence and the resulting termination of Mr. Elegbede's CR status. INA §237(a)(1)(D); 8 CFR §§216.4(d), 216.5(f); *see also* 8 C.F.R. § 216.1; *see also Matter of Stowers,* 22 I&N Dec. 605, 612 (BIA 1999) (*citing* INS Memorandum, "Legal Opinion: Status of a conditional permanent resident after denial of I-751

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

during pendency of review by EOIR" (Aug. 6, 1996)); INS Memorandum, "Status of Conditional Residents in Proceedings" (Oct. 9, 1997), AILA Doc. No. 97091690. <u>Exh D and E</u>.

53.    Mr. Elegbede was never placed in removal proceedings and was therefore deprived of administrative and judicial review of the agency's decision to terminate his conditional residency status, as required under the INA and pertinent regulations. *Id.*

54.    Likewise, Mr. Elegbede was deprived of administrative and judicial review of the subsequent fraud finding on October 18, 2018, by USCIS under INA § 204(c).

55.    USCIS has unreasonably delayed the adjudication of Plaintiffs' appeal of its denial of the I-130 petition filed by Mrs. Elegbede for the benefit of Mr. Elegbede. Indeed, despite more than a year to do so, <u>USCIS has failed to even enter undersigned counsel's appearance for the appeal</u> and the underlying matter(s) so that she can obtain information on the status of her client's cases.

56.    Defendant is responsible for the adjudication of the appeal of the USCIS denial of the I-130 petition and is aware that Plaintiffs need to resolve Mr. Elegbede's immigration status so that he can maintain employment, and to make long-term plans regarding their careers and growing family, among other reasons, and they have nonetheless been derelict in their duties to Plaintiffs.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

57.     Plaintiffs' appeal of the USCIS denial of the I-130 petition has been fully briefed and pending for more than a year and has not yet been adjudicated. The dereliction of Defendants' duty is particularly egregious in light of the fact that Plaintiff Mr. Elegbede has been denied administrative and judicial review of his previously denied I-751 petition, and the thus denial of the I-130 itself, are both in violation of the applicable regulations and the APA.

## VI.   First Cause of Action: Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

58.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 47 of this Complaint as if fully stated herein.

59.     The APA mandates that courts hold unlawful and set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

60.     The Defendants in this matter committed legal error by making a new marriage fraud under INA § 204(c) on the basis of a previous denial of an I-751 for "lack of sufficient evidence," which failed to meet the "substantial and probative evidence" burden of proof required to bar the approval of a subsequent I-130 under INA § 204(c). *Matter of Singh*, 27 I&N Dec. 598, 602 (BIA 2019); *see also Matter of Tawfik*, 20 I&N Dec. 166 (BIA 1990); 8 CFR § 204.2(a)(1)(ii).

61.     Defendants denied Plaintiff Mr. Elegbede's right to administrative and judicial review of his previously denied I-751 petition in violation of the APA and

**COMPLAINT FOR WRIT OF MANDAMUS** – 17
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA 98118
Ph. (206) 607-7976

should therefore be judicially estopped from making a new INA § 204(c) fraud finding on the same basis.

62.     Defendants' denial of Plaintiffs' I-130 is arbitrary and capricious and an abuse of discretion.

63.     Accordingly, the Court should set aside the visa petition denial and remand this matter with instructions to approve the petition.

## VII.     Second Cause of Action: Mandamus – 5 U.S.C. § 706(2)(B).

64.     To the extent that the Defendants take the position that the Appeal of the I-130 is still pending at either the USCIS Milwaukee Field Office or the BIA, Plaintiffs plead the following in the alternative.

65.     Plaintiffs have a clear right to a decision on the appeal of their denied I-130 marriage based petition.

66.     "[When] the Government simply declines to provide a decision in the manner provided by Congress, it is not exercising its prerogative to grant or deny application but failing to act at all.") *See Nine Iraqi Allies Under Serious Threat v. Kerry,* 168 F. Supp. 3d 268, 290-91 (D.D.C. 2016) (*citing Saavedra Bruno v. Albright*, 197 F.3d 1153, 1161 (D.C. Cir. 1999); *see also Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004). Despite 8 U.S.C. § 1252(a)(2)(B)(ii), district courts in the Ninth Circuit have repeatedly held that they have mandamus jurisdiction to consider claims involving adjustment of status applications where

**COMPLAINT FOR WRIT OF MANDAMUS** – 18
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

there is unreasonable delay. *See, e.g., Tewolde v. Wiles*, No. C11-1077JLR, 030712 WAWDC (W.D. Wash. March 7, 2012) (*citing Hong Wang v. Chertoff*, 550 F.Supp.2d 1253 (W.D. Wash. 2008)).

67.     Here, Plaintiffs' claim is even stronger: they have been waiting for more than a year for the adjudication of their appeal of the USCIS denial of the I-130 petition filed by Plaintiff Mrs. Elegbede for the benefit of Plaintiff Mr. Elegbede. The June 2017 denial of Mr. Elegbede's I-751 joint petition to remove the conditions of his residency status, more than four years ago, has likewise never been subject to administrative or judicial review.

68.     In order to determine when Defendants' conduct constitutes an unreasonable delay under § 706(1), courts analyze the **TRAC Factors** as outlined in *Telecommunications Research & Action Center ("TRAC") v. FCC*. 750 F.2d 70, 80 (D.C. Cir 1984):

1) *The time agencies take to make decisions must be governed by a "rule of reason";*
2) *Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;*
3) *Delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;*
4) *The court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;*
5) *The court should also take into account the nature and extent of the interests prejudiced by delay; and*

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

***6)*** ***The court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."***

*TRAC*, 750 F.2d at 79-80 (internal citations and quotation marks omitted).

69.     The adjudication of Plaintiffs' appeal of the USCIS denial of the I-130 petition filed by Plaintiff Mrs. Elegbede for the benefit of Plaintiff Mr. Elegbede is a nondiscretionary ministerial duty owed by Defendants to Plaintiffs.

70.     Plaintiffs have been patiently waiting for more than a year for the adjudication of their appeal of the USCIS denial of the I-130 petition filed by Plaintiff Mrs. Elegbede for the benefit of Plaintiff Mr. Elegbede.

71.     Defendants have willfully and unreasonably delayed and have refused to complete adjudication of the appeal.

72.     The delay is unreasonable *per se* and no other adequate remedy exists.

73.     The Defendants have acted arbitrarily, capriciously and abused their discretion, or otherwise not observed procedures required by law, and not proceeded to conclude this matter within a reasonable time in violation of 5 U.S.C. §§706(2)(A) and (D) and 5 U.S.C. § 706(1) of the APA.

74.     Therefore, in the event that Defendants contend that the appeal of the I-130 is still pending, the Court should order USCIS and/or the Board to adjudicate the appeal within 15 days.

## VIII.     Third Cause of Action: Due Process Violation.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

75.    Plaintiffs have a Due Process interest in the adjudication of their I-130 petition.

76.    Plaintiffs have a liberty interest in their marriage.

77.    Defendants have denied Plaintiffs Due Process of law by failing to provide fair procedures in the adjudication of their I-130 petition and the appeal of its denial.

78.    Specifically, the underlying denial of the I-751 petition to remove conditions of Mr. Elegbede resident status, which serves as the legal and evidentiary basis for the subsequent fraud finding under INA § 204(c), has never been subject to administrative or judicial review as required under INA §237(a)(1)(D) and pursuant to 8 CFR §§216.4(d), 216.5(f).

79.    The use of the term "shall" in 8 CFR §216.5(f) indicates that there is no discretion on the Director's part. The denial of an I-751 and termination of CR status is subject to administrative review by an IJ. *Id.* The Beneficiary has the right to present additional evidence and witnesses, and to testify on his own behalf – to mount a defense not only to removal but also to the denial of the I-751 and the termination of CR status, and for a grant of LPR status. *Matter of Herrera Del Orden*, 25 I&N Dec. at 595. Mr. Elegbede has been denied this right.

80.    The subsequent finding by USCIS of marriage fraud under INA §204(c) on the basis of the unreviewed denial and termination, and the resulting denial of the

**COMPLAINT FOR WRIT OF MANDAMUS** – 21
Civil Case No. 2:21-cv-801

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

I-130 filed by his current wife, Mrs. Elegbede, thus violates Plaintiffs' due process rights.

81.     The end result is that Defendants' practices and procedures have denied Plaintiffs a reasonable opportunity to be heard in this matter. Defendants have unlawfully interfered with Plaintiffs' protected liberty interest in their marriage.

82.     Accordingly, the Court should set aside the denial and remand with instructions to grant the visa petition.

## IX.     **Request for Relief**

WHEREFORE, and in light of the foregoing, Plaintiffs request that the Court grant the following relief:

A.     Assume jurisdiction over this matter;

B.     Set aside the Defendants' denial of the I-130 petition, or alternatively, direct the BIA and/or USCIS to complete adjudication of Plaintiffs' appeal of the USCIS denial of the I-130 petition filed by Plaintiff Mrs. Elegbede for the benefit of Plaintiff Mr. Elegbede, and issue a decision on the Plaintiffs' Appeal within 15 days;

C.     Remand the matter to Defendants with instructions to approve the I-130 Petition;

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976

D.    Award Plaintiffs' attorney's fees and costs pursuant to 28 U.S.C. § 2412

and any other applicable statutory, common law, or Constitutional

provision; and

E.    Grant Plaintiffs any other relief in the interest of justice.


Dated: June 11, 2021

Respectfully Submitted,

By: /s/ *Minda A. Thorward*

Minda A. Thorward (WSBA No. 47594)
THORWARD IMMIGRATION LAW, PLLC
5600 C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph.    (206) 607-7976
Fax    (866) 705-6146
Em    thorwardlaw@gmail.com

Attorney for Plaintiff

**EXHIBITS LIST**
*Elegbede v. Renaud*
**Petition for Writ of Habeas Corpus**

EXHIBIT A          Declaration of Attorney Minda A. Thorward.

EXHIBIT B          Copy of Notice of Representation (Form EOIR 27) and Notice of Appeal (Form EOIR 29), collectively.

EXHIBIT C          Copy of May 13, 2020, Appeal Brief for I-130 Denial.

EXHIBIT D          *Matter of Stowers*, 22 I&N Dec. 605, 612 (BIA 1999) (*citing* INS Memorandum, "Legal Opinion: Status of a conditional permanent resident after denial of I-751 during pendency of review by EOIR" (Aug. 6, 1996)).

EXHIBIT E          INS Memorandum, "Status of Conditional  Residents in Proceedings" (Oct. 9, 1997), AILA Doc. No. 97091690.

EXHIBIT F          Copy of Form G-28 Notice of Representation for the I-551 and the underlying I-751 petition, executed 11/17/2020.

EXHIBIT G          Copy of I-551 ADIT stamp in Mr. Elegbede's Nigerian passport dated November 17, 2020, and valid through November 16, 2021.

EXHIBIT H          Letter dated December 23, 2020, by undersigned counsel with written request to transfer Mrs. Elegbede and Mr. Elegbede cases from Milwaukee to Seattle Field Office, with attached Form G-28 Notices of Representation.

EXHIBIT I          March 17, 2021, USCIS Service Request Confirmation; and March 29, 2021, USCIS Response to March 17, 2021, e-Service Request indicating "no records" at VSC; collectively.

EXHIBIT J          May 3, 2021, USCIS Response to April 27, 2021, e-Service Request indicating "no records" at VSC.

EXHIBIT K          May 5, 2021, USCIS Response to May 2, 2021, inquiry indicating the appeal is under review.

Thorward Immigration Law, PLLC
5600C Rainier Ave S, Ste. 208
Seattle, WA  98118
Ph. (206) 607-7976